IN THE US DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **George Joanette and Tricia Joanette (h/w)** : | CIVIL ACTION-LAW |
| 3012 Lafayette Street : | No. 1:17-CV-225 |
| Odgensburg, NY 16509 : | |
|           Plaintiffs : | |
| v. : | |
| : | |
| **Scott's Splash Lagoon, Inc** : | |
| 8040 Peach Street : | |
| Erie, PA 16509 : | |
| : | |
| and : | |
| : | |
| **Scott Enterprises, LLC** : | |
| 2225 Downs Drive, 6th Floor : | |
| Erie, PA 16509 : | |
| : | |
|           Defendants : | |

## CIVIL ACTION COMPLAINT

1.  Plaintiff, George Joanette (hereinafter, referred to as "Plaintiff-Husband") is an adult individual who resides at 3012 Lafayette Street, Ogdensburg, NY 16509. At all times relevant to this action, Plaintiff-Husband is and continues to be a resident of the State of New York.

2.  Plaintiff, Tricia Joanette (hereinafter, referred to as "Plaintiff-Wife") is an adult individual who resides at 3012 Lafayette Street, Ogdensburg, NY 16509. At all times relevant to this action, Plaintiff-Wife is and continues to be a resident of the State of New York.

IN THE US DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **George Joanette and Tricia Joanette (h/w)**<br>3012 Lafayette Street<br>Erie County, Pennsylvania<br>　　　　　　　　Plaintiffs<br>v.<br><br>**Scott's Splash Lagoon, Inc**<br>8040 Peach Street<br>Erie, PA 16509<br><br>and<br><br>**Scott Enterprises, LLC**<br>2225 Downs Drive, 6th Floor<br>Erie, PA 16509<br><br>　　　　　　　　Defendants | CIVIL ACTION-LAW<br>No._____ |

## CIVIL ACTION COMPLAINT

1. Plaintiff, George Joanette (hereinafter, referred to as "Plaintiff-Husband") is an adult individual who resides at 3012 Lafayette Street, Ogdensburg, NY 16509. At all times relevant to this action, Plaintiff-Husband is and continues to be a resident of the State of New York.

2. Plaintiff, Tricia Joanette (hereinafter, referred to as "Plaintiff-Wife") is an adult individual who resides at 3012 Lafayette Street, Ogdensburg, NY 16509. At all times relevant to this action, Plaintiff-Wife is and continues to be a resident of the State of New York.

3. At all times relevant to this action, Plaintiff, George Joanette and Plaintiff, Tricia Joanette (hereinafter referred to collectively as "Plaintiffs") were and continue to be husband and wife.

4. Defendant, Scott's Splash Lagoon, Inc. (hereinafter, referred to as "Defendant–Splash Lagoon"), is a Pennsylvania corporation, with a registered office at 8040 Peach Street, Erie, PA 16509. At all times relevant to this action, Defendant-Splash Lagoon is and continues to be a corporation located in the Commonwealth of Pennsylvania.

5. Defendant, Scott Enterprises Splash Lagoon, Inc. (hereinafter, referred to as "Defendant-Enterprises," and collectively with Defendant-Splash Lagoon, as "Defendants"), is a Pennsylvania corporation, with a registered office at 2225 Downs Drive, 6th Floor, Erie, PA 16509. At all times relevant to this action, Defendant-Enterprises is and continues to be a corporation located in the Commonwealth of Pennsylvania.

6. Neither of the Plaintiffs is from the same state as any of the Defendants and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. § 1332.

7. At all times material hereto, Defendants individually, jointly and/or severally engaged in the amusement and indoor water park entertainment business.

8. Upon information and belief, at all material times hereto, Defendants, directly and/or by and through their agents, ostensible agents, employees and/or servants, owned, possessed, managed, constructed, designed, maintained, operated and/or controlled the property known as Splash Lagoon, located at 8091 Peach Street, Erie, PA 16509, including its water slides, rides, attractions and/or games.

9. Upon information and belief, at all times material hereto, Defendants, by and through their agents, ostensible agents, employees and/or servants operated, controlled and/or maintained the water slides at the water park, including, but not limited to, the ride named the "Aqua Tumbler."

10. Upon information and belief, at all times material hereto, Defendants, by and through their agents, ostensible agents, employees and/or servants did not contract the operation, management and/or control of the Aqua Tumbler, to a third party.

11. On or about February 13, 2016, Plaintiff-Husband lawfully entered Splash Lagoon, after purchasing a ticket, as a business invitee.

12. At or around 12:40 pm on February 13, 2016, Plaintiff-Husband was a rider on the Aqua Tumbler.

13. Upon information and belief, at the same time and date as described above, Plaintiff-Husband entered the Aqua Tumbler through the hole entrance properly, with the permission of the ride conductor (hereinafter, referred to as the "Conductor").

14. Upon information and belief, at all times relevant, the Conductor was an employee, agent, and/or servant of Defendants acting within the course, scope, and authority of his employment, agency and/or service with Defendants.

15. Upon information and belief, the Aqua Tumbler is a large, circular orb that spins and flips riders based with a velocity controlled by the Conductor.

16. Immediately upon Plaintiff-Husband entering the Aqua Tumbler, the Conductor began to rapidly operate the ride spinning and flipping Plaintiff-Husband.

17. Throughout the course of his ride in the Aqua Tumbler, Plaintiff-Husband maintained proper riding form and technique, as instructed by Defendants.

18. At all times relevant, Plaintiff-Husband was the average size and weight for an adult male.

19. During the course of his ride in the Aqua Tumbler, Plaintiff-Husband suddenly, and without warning was flipped at an unexpectedly fast and uncontrolled rate slamming Plaintiff-Husband forcefully and violently onto his neck.

20. As a direct and proximate result of the speed and force of the Aqua Tumbler, and the resulting effects on Plaintiff-Husband's body and neck, Plaintiff-Husband suffered severe, permanent, and debilitating personal injuries, including but not limited to a cervical vertebrae fracture and nerve damage.

21. Upon information and belief, Defendants failed to reasonably control the speed and/or force of the Aqua Tumbler.

22. Upon information and belief, Defendants failed to provide, install and/or adopt adequate safety devices, components, protocols, and/or precautions to reasonably protect and safeguard the wellbeing of Aqua Tumbler riders such as Plaintiff-Husband.

23. Upon information and belief, Defendants failed to properly and adequately warn Aqua Tumbler riders such as Plaintiff-Husband of the unreasonable and dangerous force associated with the Aqua Tumbler.

24. At all times material hereto, the Plaintiff-Husband was exercising all due care and caution for his safety when, suddenly and without warning, he was injured as a direct and proximate result of the individual, joint and/or several negligence and carelessness of the Defendants, acting directly and/or by and through their agents, ostensible agents, employees and/or servants.

## COUNT I
## GEORGE JOANETTE v. DEFENDANTS

25. Plaintiffs incorporate herein, by reference, the averments in paragraphs 1 through 24, as well as all subsequent paragraphs as though the same were fully set forth herein.

26. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of the Defendants, Plaintiff-Husband suffered severe, permanent and debilitating personal injuries.

27. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of the Defendants, and his resulting injuries, Plaintiff-Husband has suffered and may in the future continue to suffer, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, loss of pleasures and enjoyment of life, and/or one or more serious impairments of bodily functions, to his ongoing detriment and loss.

28. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of the Defendants, and his resulting injuries, Plaintiff-Husband has undergone and may in the future undergo various reasonable and necessary treatments.

29. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of the Defendants, and his resulting injuries, Plaintiff-Husband has been and/or may in the future be required to spend money for medical treatment, to his ongoing detriment and financial loss.

30. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of the Defendants, and his resulting injuries, Plaintiff-Husband has been and may in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, hobbies and/or avocations, to his ongoing detriment and loss.

31. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of the Defendants, and his resulting injuries, Plaintiff-Husband has been and/or in the future may be required to spend money for household help, to his ongoing detriment and financial loss.

32. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of the Defendants, and his resulting injuries, Plaintiff-Husband has been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of his earning capacity, to his ongoing detriment and loss.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against all Defendants individually, jointly and severally in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Court may deem appropriate.

## COUNT II
## TRICIA JOANETTE v. DEFENDANTS

33. Plaintiffs incorporate herein, by reference, the averments in paragraphs 1 through 32, as well as all subsequent paragraphs as though the same were fully set forth herein.

34. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of the Defendants, and Plaintiff-Husband's resulting injuries, Plaintiff-Wife suffered and may in the future suffer the loss of aid, assistance, and comfort of her husband.

35. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of the Defendants, and Plaintiff-Husband's resulting injuries, Plaintiff-Wife has expended and may in the future expend specific time, care and/or treatment to her husband.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against all Defendants individually, jointly and severally in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Court may deem appropriate.

OSTROFF INJURY LAW, PC

Date: 8·16·17

By: _____
William J. Coppol, Esquire
Diane M. Sodano, Esquire
Counsel for Plaintiffs

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Plaintiff, George Joanette

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
Plaintiff, Tricia Joanette